Minshall, J.
The action below was brought by Daniel H. Stoehr against the Tiffin Glass Comyany for the amount due him upon a contract of service. By the contract the company had employed the plaintiff as a traveling salesman in its business at thé rate of $150 per month from July 1, 1890, to January 1, 1892, and his expenses. The plaintiff entered upon his employment and continued to serve the defendant until December 26, 1890, when the company, being in embarrassed circumstances and having no further use for his services, discharged him. On March 5, 1891, he commenced suit for the amount, $486.74, then due *162 him, 'March 1— being the difference between his salary and expenses at that time and the amount that had been paid him. After the expiration of his term of service, on January 15, 1892, he filed a supplemental petition, in which he averred that after diligent effort to obtain employment he had been able to earn but $875.72, that in his efforts to obtain employment he had expended $134.92, and so that, allowing a credit for what he had earned, there was due him the additional sum of $759.18, with interest, for which, with the original sum claimed, he asked judgment. The defendant answered. The making’ of the agreement was admitted ; but issue was taken upon many of the other averments; and, as a separate defense, it 'was averred that on February 1, 1891, the Glass Company was, by order of the court of common pleas of Seneca county, in a proceeding duly instituted, declared dissolved, and that it thereafter had no legal existence or power to do business or to accept or pay for the services of the plaintiff. The case was tried to the court, which found the averments of the petition and supplemental petition to be true; and, whilst it did not allow the plaintiff for the expenses incurred by him in his efforts to obtain employment, rendered judgment in his favor for the amount due according to the agreement, less the amount paid him and what he had earned, making $1,187.32.
A motion for a new trial was made and overruled, • and, on error, the judgment was affirmed by the circuit court. Two errors are relied on: (1) That the plaintiff mistook his remedy, and (2) That by the dissolution of the corporation, it ceased to exist, and was no longer liable on its contract of employment with the plaintiff.
*163 1. As to the first objection that the plaintiff mistook his remedy; this is based, we think, on a misapprehension of the character of the plaintiff’s petition. It is claimed to be an action to recover the wages due the plaintiff on the contract, whereas it should have been to recover damages for the breach of it. We agree with the counsel that, on the facts’as pleaded, the plaintiff could not, properly speaking, recover for wages on the contract, and that his right of recovery was damages for the breach of it. But the facts pleaded, the making of the contract, his discharge, efforts to obtain. employment, and the allowance of what he earned thereby, entitled him to recover as damages the difference between what he earned and what he would have received, had he not been wrongfully discharged. James v. Allen County, 44 Ohio St., 226. And under the liberal principles of our code, it can make no difference what he termed the number of dollars he conceived himself entitled to recover, provided that on the facts stated, he was entitled to recover' something. The judgment rendered was in fact for damages and not for wages; it was for what the plaintiff lost by the breach of the contract by the defendant. The plaintiff then did -not mistake his remedy. He had but one, the civil action of the code. This simply required a statement of the facts on which he conceived himself entitled to a recovery of money from the defendant. The petition conformed to this requirement, and stated a cause of action. A prayer for relief is no part of a cause of action. It is the legal consequences which the plaintiff conceives the law attaches to his statement of facts; and if as a matter .of law, he is right, his petition states a cause of action.
*164 2. As to the.second point, that the dissolution put an end to the life of the corporation, and terminated its liability on the contract to the plaintiff. What has already been said, in part answers this contention. By the breach of the contract an end was put to the relation of master and servant; and a new right accrued in favor of the plaintiff as against the defendant — a right to recover damages for the breach of the contract. This is called bj^ some authors a “sanctioning” and by others a “remedial” or “secondary,” right. Poste’s Gaius, Preliminary Definitions, 4; Pomeroy, Code Remedies, sections 1, 2. It was not then necessary to the remedy of the plaintiff that the relation of master and servant should have subsisted between the parties to the end of the time of employment in order to recover damages; and, therefore, the proposition that there can be no such thing as a servant without a master, misconceives the nature of the plaintiff’s right, and is without force.
The right of the plaintiff accrued at the moment of the breach of the contract by the defendant, which it will be observed, was before the dissolution of the corporation; and by the statute, section 5684 Revised Statutes, it is provided that: “Any such dissolved corporation may be sued by its corporate name, for or upon any cause of action accrued, or which, but for the dissolution, would have accrued against it, in the same manner, and with the like effect, as if it were not dissolved.” Hence, the dissolution of the corporation in no way affects the right of the plaintiff arising from the breach of the contract of employment. The defendant’s liability remains the same as if there had been no dissolution.
We are referred to the case of People v. Insurance Co., 91 N. Y., 174. That case is not in point here. *165 There, at the suit of the state, the company was enjoined from doing any further business by reason of its non-compliance with the laws of the state; and Mix, an agent of the company, under an employment for a term of years, sought compensation for the balance of his time. It was denied him, on the ground that the injunction was a dissolution of the contract by the sovereign power of the state, rendering performance on either side impossible. The agent could not perform nor tender performance; to have done so, the court said, would have been a criminal contempt, and possibly a misdemeanor; and that this result must . be deemed an unexpressed condition of their agreement. Here the corporation was dissolved by the voluntary act of the stockholders. The petition was filed by the requisite member, and the prayer was then concurred in by all the others. Wliat might be the effect on such contracts, where at the suit of the state on a proceeding in quo warranto, a corporation is dissolved for some offense against the laws of the state, need not now be determined. Here, as we have said, the dissolution was a voluntary one by the act of the stockholders. They would have violated no law by continuing their business; and the liability of the corporation had been fixed by the act of discharging the plaintiff before it ceased to be a corporation.

Judgment affirmed.